FILED
10/04/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 3, 2024

## IN RE ESTATE OF JOE RICHARD ESTES

**Appeal from the Probate Court for Wilson County**
**No. 2021PR91     A. Ensley Hagan, Jr., Judge**

_____

### No. M2023-01742-COA-R3-CV

_____

This appeal concerns the statute of limitations for a will contest. David Estes ("Petitioner") filed a will contest in the Probate Court for Wilson County ("the Probate Court") seeking to set aside the will of Petitioner's father, Joe Richard Estes ("Decedent"). Jennifer Brooke Estes Little, Executrix of the Estate of Joe Richard Estes ("Respondent"), Petitioner's sibling, filed a motion to dismiss arguing that the applicable two-year statute of limitations had expired by the time of day that Petitioner filed his will contest. The Probate Court granted Respondent's motion. Petitioner appeals to this Court. Petitioner's will contest was filed two years from the date that Decedent's will was admitted to probate; thus, it was timely filed. The exact hour and minute of the day the will contest was filed is immaterial. We, therefore, vacate the judgment of the Probate Court, and remand for this case to proceed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

David Estes, Pro Se.

Carolyn Christoffersen, Mount Juliet, Tennessee, for the appellee, Jennifer Brooke Estes Little, Executrix of the Estate of Joe Richard Estes.

# MEMORANDUM OPINION[1]

## Background

On March 3, 2021, the Probate Court entered an order admitting Decedent's will to probate. Two years later, on March 3, 2023, Petitioner filed his "Complaint for Negligence, Undue Influence, Deceit, and Relationship Poisoning," which he also described as his "Complaint to Contest Will," in the Probate Court. Petitioner alleged, in part, "that the instrument is not the last will and testament of the decedent in that at the time of the alleged execution of the instrument was under undue influence of the respondent, and suspicious circumstances." Petitioner sought, among other things, that "[t]he order granting probate of the described instrument of Joe Richard Estes, deceased, be set aside, revoked and void." The complaint included an oath by Petitioner that the allegations contained therein were true.

In October 2023, Respondent filed a motion to dismiss for failure to state a claim. Respondent noted that the statute of limitations for a will contest in Tennessee is two years. *See* Tenn. Code Ann. § 32-4-108. Respondent pointed out that the order admitting Decedent's will to probate was entered at 10:00 a.m. on March 3, 2021, and Petitioner's will contest was filed at 11:45 a.m. on March 3, 2023. According to Respondent, the statute of limitations expired at 10:01 a.m. on March 3, 2023, and Petitioner's will contest was untimely filed. Respondent also stated that Petitioner failed to serve summons within the two-year limitations period, only serving the estate on May 1, 2023.

In November 2023, following a hearing, the Probate Court entered an order granting Respondent's motion to dismiss on grounds that Petitioner filed his complaint outside of the limitations period based on the exact time of day he filed.[2] Petitioner then filed a "motion for reconsideration," which the Probate Court denied in a December 2023 order. Petitioner timely appealed to this Court.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Noting the exact times of day that the will's admission to probate and the filing of the will contest occurred, the Probate Court also stated that "[t]he two (2) year Statute of Limitations under T.C.A. §32-4-108 for a Will Contest ran on March 1, 2023." However, the Probate Court found that the will was admitted to probate on March 3, 2021. Two years from March 3, 2021, was March 3, 2023, not March 1, 2023. We cannot account for this discrepancy in the Probate Court's order, which may be a typographical error.

**Discussion**

Petitioner raises multiple issues on appeal. However, because the Probate Court dismissed Petitioner's will contest solely on statute of limitations grounds, the single dispositive issue is whether the Probate Court erred in holding that Petitioner's will contest was untimely filed. Respondent has filed a "Statement of No Opposition to Remand for Will Contest" in which she says that "[i]f this Court views the Complaint filed by Mr. Estes as a proper Will Contest, then the Executrix has no opposition to the remand of this Case for a Will Contest."

Regarding the standard of review on a motion to dismiss for failure to state a claim, our Supreme Court has stated:

> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012). "Whether a claim is barred by an applicable statute of limitations is a question of law." *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007). In Tennessee, the statute of limitations for a will contest is two years. *See* Tenn. Code Ann. § 32-4-108 ("All actions or proceedings to set aside the probate of any will, or petitions to certify a will for an issue of devisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred, saving, however, to persons under the age of eighteen (18) years or adjudicated incompetent, at the time the cause of action accrues, the rights conferred by § 28-1-106.") (West eff. July 1, 2011). Regarding when a civil action is commenced, Rule 3 of the Tennessee Rules of Civil Procedure states, in relevant part: "All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved."

We find no support for the proposition that whether a complaint is timely filed depends on the exact hour and minute of the day it was filed. Instead, Tennessee law deals in days when computing limitations periods. For instance, Tenn. R. Civ. P. 6.01 provides:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Hours or minutes do not enter the equation. In addition, Tenn. Code Ann. § 1-3-102 provides: "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded." Again, the relevant inquiry is about the day, not the hour or minute. With respect to computing the limitations period for will contests specifically, this Court has stated:

> As for a will contest, it must be filed "within two years after the entry of the order admitting the challenged will to probate." [*Estate of*] *Brown*, 402 S.W.3d [193,] 200 [(Tenn. 2013)] (citing Tenn. Code Ann. § 32-4-108). Here, Decedent's Will was admitted to probate on July 27, 2010, which means the action was time barred as of July 27, 2012.

*In re Estate of Freeman*, No. M2018-02131-COA-R3-CV, 2020 WL 4210936, at *8 (Tenn. Ct. App. July 22, 2020), *no appl. perm. appeal filed*.

In the present case, the Probate Court entered an order admitting Decedent's will to probate on March 3, 2021, and Petitioner filed his will contest in the Probate Court on March 3, 2023—exactly two years later. The hour and minute of the day did not matter for purposes of computing the limitations period. Petitioner's will contest was timely filed under the applicable two-year statute of limitations found at Tenn. Code Ann. § 32-4-108. Therefore, we vacate the judgment of the Probate Court, and remand for this case to proceed. We take no position on the merits of Petitioner's will contest. We hold only that it was timely filed.

As a final matter, Petitioner requests "reimbursement for legal expenses incurred during this appeal, totaling $1750.00." Petitioner cites no authority for such an award.[3] We decline Petitioner's request for legal expenses incurred on appeal.

### Conclusion

The judgment of the Probate Court is vacated, and this cause is remanded to the Probate Court for collection of the costs below and for further proceedings. The costs on appeal are assessed against the Appellee, Jennifer Brooke Estes Little, Executrix of the Estate of Joe Richard Estes.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[3] Petitioner's brief is deficient in legal citation. For example, Petitioner quotes the Tennessee Supreme Court as having held that "[t]he time of day when a complaint is filed is irrelevant." While that is a correct statement of the law, Petitioner failed to cite the case he drew that specific statement from, nor have we found any case containing that statement. We disregard this quotation as well as any alleged legal authority Petitioner attempts to rely upon that is not properly cited or even traceable. *See* Rule 27(h) of the Tennessee Rules of Appellate Procedure ("Citation of cases must be by title, to the page of the volume where the case begins, and to the pages upon which the pertinent matter appears in at least one of the reporters cited.").